UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                                                    Plaintiff,

v.                                                                Criminal Action No. 3:15-cr-72-DJH-4

EARBIE L. JOHNSON,                                                                          Defendant.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

A federal grand jury indicted Defendant Earbie L. Johnson on July 7, 2015, charging him with two drug-related offenses. (Docket No. 1) Johnson now presents the Court with the following pre-trial motions: (1) Motion for Bill of Particulars (D.N. 42); (2) Motion for Discovery (D.N. 43); (3) Motion for Grand Jury Transcript (D.N. 44); (4) Motion for Notice of Intent to Use Evidence (D.N. 45); and (5) Motion for Production of Exculpatory and Impeachment Materials. (D.N. 46) The United States has responded to each motion. (D.N. 47–51) For the reasons that follow, the Court will deny the defendant's motions.

**I.   BACKGROUND**

Johnson, along with four others, is charged with conspiracy to distribute a controlled substance, 21 U.S.C. §§ 846 and 841(b)(1)(A); he is charged in a second count with maintaining a drug-involved premises, 21 U.S.C. § 856(a)(2). (D.N. 1, PageID # 1–2) Count One of the indictment alleges that "[f]rom in or about July 2014 to in or about January 2015 . . . defendants herein, conspired and agreed to knowingly and intentionally possess with intent to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin." (D.N. 1, PageID # 41) Johnson's second charge, Count Four of the indictment, alleges that "[o]n or about January 22, 2015, in the Western District of Kentucky, Jefferson County . . . defendants

1

herein, who, as occupants, managed and controlled a house at 3316 Dumesnil Street, Louisville, Kentucky, knowingly and intentionally made that house available for the purpose of unlawfully storing and distributing heroin." (D.N. 1, PageID # 2)

The Court will address each of these motions in turn.

## II.   DISCUSSION

### 1.  Motion for Bill of Particulars

The Court will deny Johnson's motion because the United States already provided most of the information he seeks, and Johnson is not entitled to the other information he seeks. Pursuant to Federal Rule of Criminal Procedure Rule 7(f), Johnson moves the Court to order the government to provide

> (1) the exact location, including the street address, where the alleged crime charged in the indictment took place; (2) the exact time and date of the alleged criminal act charged in the indictment; (3) the precise manner in which the crime(s) charged is alleged to have been committed; (4) the names and addresses of any person(s) who actively participated in the matters of which defendant stands accused and who furnished information to law enforcement officers; (5) the name and addresses of any person(s) who participated in, saw, or who are otherwise qualified to testify in court about the commission of the charge in the indictment; and (6) the names and addresses of and statements, both written and oral, made by witnesses and/or the defendants upon which the indictment was founded.

(D.N. 42, PageID # 110)  The United States argues that the indictment provides sufficient detail for Johnson's first, second, and third requests and that he is not entitled to the information sought in his fourth, fifth, and sixth requests.  (D.N. 48)  The Court agrees.

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . . For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1).  A bill of particulars'

2

purpose is to minimize surprise and help defendants obtain the information necessary to prepare a defense; it is not a discovery tool. *United States v. Robinson*, No. 3:13-cr-00050, 2013 U.S. Dist. LEXIS 86031, at *2 (W.D. Ky. June 18, 2013) (citing *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993)) (other citations omitted).

The indictment here satisfies Rule 7(c)(1). It includes the locations, dates, and details on the precise manner of the crimes. (D.N. 1) The Court thus denies Johnson's first, second, and third requests. The Court also denies Johnson's fourth and fifth requests because he is not entitled to "the names and addresses of every informer or person relied upon for the information and of all persons whom the government expects to call as witness at the trial." *United States v. Sanders*, 462 F.2d 122, 123 (6th Cir. 1972) (holding that a request for the above information "is not a proper subject for a motion for a Bill of Particulars."); *see Robinson*, 2013 U.S. Dist. LEXIS 86031, at *4–5 (denying a motion for a bill of particulars on the same grounds). Finally, the Court also denies Johnson's sixth request because he is not entitled to a witness statement until after that witness has testified. 18 U.S.C. § 3500. Moreover, the Court has ordered the United States to comply with Rule 16, which would entitle Johnson to his oral and written statements subject to certain limitations. Fed. R. Crim. P. 16(a)(1); (D.N. 34, PageID # 94).

   **2. Motion for Discovery**

The Court will also deny Johnson's Motion for Discovery because his requests are either moot or he is not entitled to the information he seeks. Johnson moves the Court to direct the United States to allow him to inspect, copy, or photograph certain documents. (D.N. 43) The United States contends that they have already provided some of the items requested and that other items requested are outside the scope of Rule 16. (D.N. 47) The Court agrees. First, the Court already ordered reciprocal discovery pursuant to Rule 16, and the United States asserts that

it provided Johnson with this information. (D.N. 34; D.N. 47, PageID # 142) Thus, most of Johnson's requests in his motion are moot. Second, "the discovery afforded by Rule 16 is limited to the evidence referred to in its express provisions." *United States v. Presser*, 844 F.2d 1275, 1285 (6th Cir. 1988). Johnson requests that the government provide the names of its witnesses or statements made by prospective government witnesses. (D.N. 43) But Rule 16 does not require the government to provide this information. Fed. R. Crim. P. 16(a).

3. Motion for Grand Jury Transcript

The Court will deny Johnson's Motion for Grand Jury Transcript because he fails to demonstrate a particularized need. His motion states, "[Johnson] needs the transcript to assist in the preparation of his defense." (D.N. 44, PageID # 118) But in the Sixth Circuit, "[t]here is a strong policy in favor of maintaining the secrecy of grand jury proceedings." *United States v. Azad*, 809 F.2d 291, 294 (6th Cir. 1986). And "[d]isclosure is proper only on a showing of compelling necessity and particularized need." *Id*. (internal quotations omitted). Johnson has not attempted to show a compelling necessity and a particularized need.

4. Motion for Notice of Intent to Use Evidence

Johnson's Motion for Notice of Intent to Use Evidence (D.N. 45) will be denied as moot because the Court already ordered the disclosure of the requested information. (D.N. 34) Johnson moves the Court to "give notice . . . of [the United States'] intent to use evidence of other crimes, wrongs, or acts of the defendant, specifying in such notice the evidence that it intends to use." (D.N. 45, PageID # 121) The Court already ordered the United States to disclose Federal Rule of Evidence 404(b) evidence to Johnson. (D.N. 34, PageID # 94)

### 5. Motion for Production of Exculpatory and Impeachment Materials

Finally, the Court denies Johnson's Motion for Production of Exculpatory and Impeachment as moot because the Court, again, already ordered disclosure of the requested information. (D.N. 34) Johnson moves the Court to require the United States to provide all materials that are exculpatory or could raise doubt as to the credibility of any witness. (D.N. 46, PageID # 126) Johnson is asking for *Brady* and *Giglio* materials. *Brady v. Maryland,* 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972). The Court already ordered the United States to disclose any such material. (D.N. 34, PageID # 94)

### III.   CONCLUSION

Accordingly, and the Court being otherwise sufficiently advised, it is herby

**ORDERED** as follows:

(1) The Defendant's Motion for Bill of Particulars (D.N. 42) is **DENIED**.

(2) The Defendant's Motion for Discovery (D.N. 43) is **DENIED**.

(3) The Defendant's Motion for Grand Jury Transcript (D.N. 44) is **DENIED**.

(4) The Defendant's Motion for Notice of Intent to Use Evidence (D.N. 45) is **DENIED** as moot.

(5) The Defendant's Motion for Production of Exculpatory and Impeachment Materials (D.N. 46) is **DENIED** as moot.